# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FREDDIE CLEMONS, #N98554, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-01398-SMY |
| | ) |
| WEXFORD HEALTHCARE, | ) |
| MS. CUNNINGHAM, | ) |
| C.A.O. LAMB, | ) |
| LT. OCHS, | ) |
| JOHN DOE 1, | ) |
| JOHN DOE 2, | ) |
| and JANE DOE 1, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Freddie Clemons, an inmate who is currently incarcerated in Lawrence Correctional Center, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on July 17, 2018. (Doc. 1). This case could not be screened pursuant to 28 U.S.C. § 1915A because Plaintiff did not sign the Complaint.[1] *See* FED. R. CIV. P. 11(a) (requiring that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented"). Plaintiff also failed to sign a Motion for Leave to Proceed *in forma pauperis* (Doc. 2, p. 2) and a Motion for Recruitment of Counsel (Doc. 3, p. 2) that he filed along with the Complaint.

This Court entered four separate Orders requiring Plaintiff to file a complete, signed Complaint if he wished to proceed with this action. (Docs. 6, 8, 9, and 12). The Orders were entered on July 18 (Doc. 6), July 31 (Doc. 8), August 20 (Doc. 9) and August 24 (Doc. 12). In

---

[1] Plaintiff also omitted a request for relief in violation of Rule 8(a)(3) of the Federal Rules of Civil Procedure. This omission was not fatal to his Complaint.

each, Plaintiff was warned that failure to comply with the Order would result in striking the Complaint and/or dismissal of the action. *Id*. (citing FED. R. CIV. P. 41(b)).

Plaintiff did not comply with any of these Orders by the original deadline (August 15, 2018) or the extended deadline (September 4, 2018). Instead, he filed three different versions of the Complaint. (Docs. 1, 7, 10). The first lacked a signature and a request for relief. (Doc. 1). The second consisted *only* of a signature page and exhibits and referenced no other document. (Doc. 7). The third version was also unsigned and described by Plaintiff as "the other half" of his "claim." (Doc. 10). All three versions were piecemeal.

On August 24, 2018, Plaintiff was given an additional fourteen days to submit a properly signed Complaint before the case would be dismissed. (Doc. 12). The extended deadline for complying with the Court's Orders expired on September 4, 2018. Plaintiff did not meet this deadline or request another extension. The Court will not allow this matter to linger indefinitely. Accordingly, the case will be dismissed without prejudice based on Plaintiff's failure to comply with the Orders of this Court and his failure to prosecute his claims. *See* FED. R. CIV. P. 41(b).

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice, based on Plaintiff's failure to comply with four separate Court Orders (Docs. 6, 8, 9, 12) or prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal shall <u>not</u> count as one of Plaintiff's allotted "strikes" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's pending motions, including the Motion for Leave to Proceed *in forma pauperis* (Doc. 2), Motion for Recruitment of Counsel (Doc. 3),[2] and Motion for Service of Process at Government Expense (Doc. 4), are **DENIED** as **MOOT**.

**IT IS ALSO ORDERED** that Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. The filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

---

[2] The Court notes that this motion would be denied, even if it was signed by Plaintiff. (Doc. 3). He failed to answer many of the questions set forth therein. *Id*. He also disclosed no efforts to locate counsel before requesting the Court's assistance in recruiting counsel for him. *Id*.

**DATED: September 14, 2018**

                                                                   s/ STACI M. YANDLE
                                                                   **District Judge**
                                                                   **United States District Judge**