IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| FREDDIE CLEMONS N98554, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 18-CV-1398-SMY |
| WEXFORD HEALTHCARE, MS. CUNNINGHAM, C.A.O. LAMB, JOHN DOE 1 (supervisor South Dietary), LT. OCHS, JOHN DOE 2 (dr(s)), and JANE DOE (nurse(s)), | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**Yandle, District Judge:**

Plaintiff Freddie Clemons is an inmate of the Illinois Department of Corrections who currently resides at Lincoln Correctional Center. His claims in this case arise from an incident he alleges occurred at Lawrence Correctional Center ("Lawrence") when he slipped and fell on water in the inmate food hall. The case is now before the Court for consideration of Clemons' Rule 60 Motion for Reconsideration (Doc. 18), Motion for Recruitment of Counsel (Doc. 16), Motion to Proceed *in forma pauperis* ("IFP") (Doc. 17), and threshold review of his Amended Complaint (Doc. 15).

## Procedural Background

Clemons' case got off to a rocky start because he repeatedly filed disjointed and incomplete pleadings. Initially, Clemons submitted a Complaint with no signature page or demand for relief (Doc. 1). He was directed to amend the Complaint and was advised that the Federal Rules of Civil

Procedure require an individual to make "a demand for the relief sought, which may include relief in the alternative or different types of relief" (Doc. 6).  In response, Clemons submitted a signature page and 30 pages of exhibits (Doc. 7) which the Court struck as "piecemeal" (Doc. 8).  He then filed another Complaint with no signature page (Doc. 10).  The Court gave Clemons a final opportunity to file a complete pleading, warning him that his failure to do so would result in his case being dismissed (Doc. 12).  The deadline for Clemons to amend his Complaint came and went, and as a result, on September 14, 2018, the Court dismissed the case for Clemons' failure to comply its Orders (Docs. 13, 14).

On November 8, 2018, Clemons filed an Amended Complaint (Doc. 15), Motion for Recruitment of Counsel (Doc. 16), Motion to Proceed *in forma pauperis* (Doc. 17), and a Rule 60(b) Motion to Reopen the Proceedings (Doc. 18).

## Discussion

### Rule 60(b) Motion (Doc. 18)

Rule 60(b) permits a court to relieve a party from an Order or Judgment on the following grounds: mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59(b) motion.  FED. R. CIV. P. 60(b)(1)-(5).  There is also a catch-all provision for "any other reason that justifies relief."  FED. R. CIV. P. 60(b)(6).  Relief under Rule 60 is reserved for extraordinary circumstances.

In his Rule 60(b) Motion, Clemons claims that his failure to timely file documents was not his fault. Specifically, he alleges that he frequently asked to be placed on the law library line so he could complete his legal matters, but did not receive needed library time.  As a result, he was unable to timely comply with this Court's previous Orders.  The Court finds Clemons' explanation

to be credible and warranting Rule 60(b) relief. Accordingly, the Rule 60(b) Motion to Reopen the Proceedings is **GRANTED** and the Court will consider and review the most recently submitted Amended Complaint.

## The Amended Complaint (Doc. 15)

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Federal Rule of Civil Procedure 8(a)(3) requires "[a] pleading that states a claim for relief [to] contain... a demand for the relief sought, which may include relief in the alternative or different types of relief." A failure to comply with Rule 8(a)(3) can result in the dismissal of an action. *See e.g., Graham v. Watson,* 2016 WL 2755169, *1, *5 (S.D. Ill. 2016) (dismissing a prisoner's complaint for failure to demand specific monetary relief, and noting injunctive relief was not viable because he was not at same place of confinement as events complained of). "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Under such circumstances, it would only be proper for the Court to consider a request for injunctive relief if the plaintiff can show a realistic possibility that he would again be housed at the prison under the

conditions described in the Complaint . *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (*citing Ortiz v. Downey*, 561 F.3d 664, 668 (7th Cir. 2009)).

Clemons' Amended Complaint is 35 pages long and includes two signature pages. However, the "request for relief" portion of each of those pages was left blank. The remainder of the pleading consists of copies of grievances,[1] a sworn affidavit by other inmates, and a handwritten narrative. In essence, the handwritten narrative alleges that various individuals exhibited deliberate indifference to Clemons' serious medical needs that arose from a slip-and-fall in the chow hall. It does not, however, contain an explicit demand for relief. Clemons was previously warned by this Court that he needed to enumerate a demand for relief. Once again, he failed to do so, and thus, the Amended Complaint does not comply with Rule 8(a)(3).

It also appears that Clemons is improperly seeking injunctive relief in the form of medical appointments with outside specialists. Clemons has been relocated from Lawrence where he allegedly slipped and fell to Lincoln Correctional Center. There is no recent grievance or information in the Amended Complaint suggesting that he needs injunctive relief to get adequate care at Lincoln. There is also no suggestion that he is likely to be returned to Lawrence, such that prospective injunctive relief would be appropriate.

Clemons has now had 4 bites at the apple and has failed to file a proper Complaint and has consistently failed to comply with this Court's orders instructing him to do so. As such, dismissal with prejudice is warranted.

---

[1] Some of the grievances pertain to Plaintiff's medical needs that resulted from his slip-and-fall, but others appear to correlate with an allegation that his First Amendment rights have been violated via tampering with his legal mail. To the extent Plaintiff wishes to assert claims for tampering with legal mail, they would need to be brought in a separate case. *See* FED. R. CIV. P. RULE 20 (explaining permissive joinder of parties in a single case).

## Conclusion

**IT IS HEREBY ORDERED** that Plaintiff's Rule 60(b) Motion (Doc. 18) is **GRANTED**. However, Plaintiff's Amended Complaint (Doc. 15) is **DISMISSED with prejudice** pursuant to *F.R.C.P.* 41(b) for failure to follow this Court's orders. This dismissal shall not count as one of Plaintiff's allotted "strikes" under 28 U.S.C. § 1915(g). In light of dismissal, Plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 17) and Motion for Recruitment of Counsel (Doc. 16) are **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. The filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a Notice of Appeal with this Court within 30 days of the entry of judgment. FED. R. APP. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-

day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and to enter judgment accordingly.

**IT IS SO ORDERED**.

DATED: .June 7, 2019

> *s/ Staci M. Yandle*
> **STACI M. YANDLE**
> **United States District Judge**